KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CRYSTAL GARCIA,<br><br>Defendant. | Criminal Case No. 08CR0877-JM<br><br>Date: April 25, 2008<br>Time: 11:00 a.m.<br><br>The Honorable Jeffrey T. Miller<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

/ /

/ /

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On March 25, 2008, a federal grand jury in the Southern District of California returned a two-count indictment against Defendant JAMES CRYSTAL GARCIA ("Defendant"). The Indictment charges Defendant with one count of importing approximately 60.94 kilograms (134.07 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, and one count of possessing approximately 60.94 kilograms (134.07 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On March 25, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On April 11, 2008, Defendant filed his discovery motions. The United States files the following motions for reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A. <u>OFFENSE CONDUCT</u>**

**1. <u>Events Leading to Seizure of Marijuana</u>**

On February 27, 2008, at approximately 6:16 p.m., Defendant drove a white, 2000 Daewoo Leganza not bearing license plates into the vehicle primary lanes at the Calexico, California, West Port of Entry. Defendant was accompanied by a seventeen year old minor. The United States Customs and Border Protection Officer Gonzales was working the primary inspection lane when Defendant approached in the vehicle. Officer Gonzales received a negative customs declaration from both occupants of the vehicle. Officer Gonzales notices that Defendant was nervous, avoided eye contact, and allowed the minor to answer most of the questions during the primary inspection. As such, Officer Gonzales referred Defendant and his vehicle to the secondary inspection area.

In the secondary inspection area, Officer Randolph screened the car with his narcotics detector dog and the dog alerted to the floor area inside the vehicle. Officer Aguilar conducted a more thorough examination of the car and discovered several packages wrapped in duct tape concealed in a non-factory compartment in the floor of the car and in the rear seat. Officer Aguilar performed a field test on one of the packages and it tested positive for marijuana. A total of twenty-six packages were removed from the car with a total weight of 60.94 kilograms (134.07 pounds). Defendant was arrested.

**2. <u>Post-Miranda Statements</u>**

At approximately 12:25 a.m., on February 28, 2008, United States Immigration and Customs Enforcement (ICE) agents advised Defendant was of his <u>Miranda</u> rights. Defendant acknowledged that he understood his <u>Miranda</u> rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Defendant admitted he knew he was smuggling drugs into the United States. Defendant stated that the minor, who was the passenger in the car, recruited him to be involved in the offense. The minor knew the registered owner of the car and setup the smuggling deal with "Ramon." Defendant stated that the minor was to be paid for smuggling the drugs into the United States and the minor would then pay Defendant whatever she wanted to give him. Defendant was told that the car contained drugs; however, he was not told the type of drugs nor the location of where the drugs were concealed in the car.

The minor is being prosecuted in State Juvenile Court.

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. <u>MOTION FOR RECIPROCAL DISCOVERY</u>

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

**1. <u>Defendant's Disclosures Under Fed R. Crim. P. 16(b)</u>**

On April 11, 2008, Defendant invoked Fed. R. Crim. P. 16(a) in his discovery motion and the United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 130 pages of discovery (including reports of the arresting officers and agents, a criminal history report, photographs of the car and marijuana seized) and 1 DVD-ROM containing Defendant's videotaped, post-arrest. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

/ /

/ /

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2. <u>Witness Statements Under Fed. R. Crim. P. 26.2</u>**

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B. <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

/ /

/ /

/ /

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: April 18, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney