**KRIS J. KRAUS**
California State Bar No. 233699
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Kris_Kraus@fd.org

Attorneys for Mr. James Crystal Garcia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CRYSTAL GARCIA,<br><br>Defendant. | Case No. 08CR0877-JM<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

# I.

# STATEMENT OF FACTS[1]

Mr. Garcia incorporates by reference the facts recounted in his previously filed motions.

# II.

# THE INDICTMENT MUST BE DISMISSED BECAUSE THE DRUG STATUTES ARE FACIALLY UNCONSTITUTIONAL

"[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Nordby, 225 F.3d 1053, 1057-58 (9th Cir. 2000). Clearly, in enacting 21 U.S.C. §§ 841, 952, and 960, Congress intended to do precisely what Apprendi forbids: it made the type and

[1] Unless otherwise stated, the "facts" referenced in these papers come from government-produced documents that the defense continues to investigate. Mr. Garcia does not admit the accuracy of this information and reserves the right to challenge it at any time.

quantity of the controlled substance "a sentencing factor, not an element of the crime under [the statutes]; the statute[s are] not susceptible to a contrary interpretation." Nordby, 225 F.3d at 1058. Because there is no ambiguity, the doctrine of constitutional doubt does not apply. See Miller v. French, 530 U.S. 327, 120 S. Ct. 2246, 2255 (2000).

The statutes are not severable; they contain no default sentencing provisions. Subsection (a) of each provision cannot stand alone: they contain no penalty provisions. See Board of Natural Resources v. Brown, 992 F.2d 937, 948 (9th Cir. 1993) (asking "whether the [a]ct which remains after the unconstitutional provisions are excised is 'fully operative' . . . whether the unconstitutional provisions are 'functionally independent' from the remainder of the [a]ct").

Moreover, this Court may not attempt to uphold the constitutionality of the statutes by attempting to guess what penalties Congress would have imposed if it had known that §§ 841, 952, and 960 were unconstitutional. Indeed, even if it thinks that it may have a good idea of what Congress may have intended when it passed the constitutionally infirm legislation, this Court may not legislate penalties into a statute that lacks them to avoid finding the statute unconstitutional. See United States v. Evans, 333 U.S. 483, 486 (1948). There, the Supreme Court rejected the Government's request "to make [the statute] effective by applying . . . one of the possibilities which seems most nearly to accord with the criminal proscription and the terms of the penalizing provision." Id. The Supreme Court refused to "plug the hole in the statute[,]" and concluded that "[t]his is a task outside the bounds of judicial interpretation It is better for Congress, and more in accord with its function, to revise the statute than for us to guess at the revision it would make. That task it can do with precision. We could do no more than make speculation law." Id. at 495. If the Supreme Court would not redraft the relatively simple statute in Evans, this Court certainly should not redraft §§ 841, 952, and 960 to include penalty provisions.

The Ninth Circuit went to great lengths to join the other circuits and hold that § 841 (and by analogy §§ 952 and 960) does not violate due process. United States v. Buckland, 277 F.3d 1173 (9th Cir. 2002) (en banc). In substance, the Ninth Circuit stated that it and the other Courts of Appeals had erred in years of precedent that committed findings of type and quantity of controlled substance to the district court at sentencing or punishment. Buckland, at 1178, n.2 (citing the various federal circuit courts that had long held that Congress left findings as to type and quantity of controlled substance to the district court at sentencing).

Ironically, the Buckland decision turns on what "[§] 841 ... does not say." Id., at 1179. In other words, the Buckland court construed § 841 (and by analogy would construe §§ 952 and 960) as constitutional because Congress "did not purposefully remove from the jury the assessment of the facts [necessary to] increase the prescribed range of penalties ...." Id. at 1181. (internal quotation marks and citation omitted). Yet, the Buckland court's conclusion ignores the plain language of § 841(b) (as well as that of § 960(a)), see supra, and the rules of statutory construction that it purports to follow. Buckland, at 1198 (Tashima, J. dissenting). The long awaited Buckland decision makes no sense.

The Government will no doubt argue that the Buckland decision binds this Court. Mr. Garcia urges this Court to reject the Buckland decision as an example of result oriented jurisprudence that disregards the definition of due process outlined by the Supreme Court in Apprendi**.** Apprendi announced a constitutional rule that binds this Court, and this Court must follow it.

**III.**

**THE INDICTMENT MUST BE DISMISSED BECAUSE THE INDICTMENT FAILS TO ALLEGE THAT MR. GARCIA WAS AWARE OF THE AMOUNT AND TYPE OF DRUGS**

If this Court reinterprets the type and quantity of controlled substance to be offense elements or the "functional equivalent" of offense elements that have to be alleged in the indictment, this Court must find that the statute's *mens rea* is equally applicable to these new "elements." See United States v. X-Citement Video, Inc., 513 U.S. 64 (1994). Not only must the indictment allege the type and quantity of "controlled substance" involved in the offense, the indictment must allege that the defendant **knew** the type and quantity involved. And, regardless of what this Court considers the elements of his alleged offense, Mr. Garcia has a right to a Grand Jury determination on each one. See United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999) ("The Fifth Amendment . . . requires that a defendant be convicted only on charges considered and found by a grand jury."); see also id. (reversing because the Ninth Circuit could "only guess whether the grand jury received evidence of, **and actually passed on**, Du Bo's intent.") (emphasis added).

The Ninth Circuit issued the case of United States v. Carranza, 289 F.3d 634 (9th Cir. 2002), addressing the issue of *mens rea* as to type and quantity of the controlled substance. In Carranza, the Court held that "[a] defendant charged with importing or possessing a drug is not required to know the type and amount of drug." Id. at 644. The fatal flaw, however, with the Carranza analysis regarding *mens rea* is that

it relies upon reasoning that has been rejected by Apprendi, Buckland, and Mendoza-Paz. See Buckland, 277 F.3d at 1181 ("Apprendi's reading of the Due Process Clause has stripped the[] holdings [of this Court's previous decisions construing the drug statutes] of precedential value"). For example, the Carranza decision cites the case of United States v. Ramirez-Ramirez, 875 F.2d 772 (9th Cir. 1989), to support its holding that the Government need not prove *mens rea* as to drug type and quantity. The problem with reliance on that precedent is that it is based on the premise that 841(b) and 960(b) contain only sentencing factors. Id. at 774 n.1 ("This interpretation is consistent with both statutes, which require knowing possession of a controlled substance under subsection (a), and refer to different types of controlled substances under subsection (b) for sentencing purposes only."). If, pursuant to the reasoning set forth in Buckland and Mendoza-Paz, sections 841(b) and 960(b) now set forth elements of the offenses, then an entirely different analysis applies because, except for a few narrow exceptions, the traditional rule is that a statute's *mens rea* applies to all elements of the offense. The Carranza decision attempts to avoid this traditional rule.

Thus, assuming that this Court upholds the constitutionality of sections 841 & 960, the grand jury should have found that Mr. Garcia knew the weight and type of substances. Because the grand jury made no such finding, this Court should dismiss the counts of the indictment pending against Mr. Garcia.

## IV.

## CONCLUSION

For the reasons stated, Mr. Garcia requests that this Court grant his motions.

Respectfully submitted,

Dated: MAY 23, 2008

/s/Kris J. Kraus
**KRIS J. KRAUS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia
Kris_Kraus@fd.org