KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CRYSTAL GARCIA,<br><br>Defendant. | Criminal Case No. 08CR0877-JM<br><br>Date: June 6, 2008<br>Time: 11:00 a.m.<br><br>The Honorable Jeffrey T. Miller<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO**<br><br>**1) DISMISS INDICTMENT DUE TO UNCONSTITUTIONAL STATUTES; AND**<br>**2) DISMISS INDICTMENT FOR FAILURE TO ALLEGE *MENS REA***<br><br>**TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

## I

## STATEMENT OF THE CASE

On March 25, 2008, a federal grand jury in the Southern District of California returned a two-count indictment against Defendant JAMES CRYSTAL GARCIA ("Defendant"). The Indictment charges Defendant with one count of importing approximately 60.94 kilograms (134.07 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, and one count of possessing approximately 60.94 kilograms (134.07 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On March 25, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On May 23, 2008, Defendant filed the above captioned motions. The United States files the following response.

## II

## STATEMENT OF FACTS

### A. <u>OFFENSE CONDUCT</u>

#### 1. <u>Events Leading to Seizure of Marijuana</u>

On February 27, 2008, at approximately 6:16 p.m., Defendant drove a white, 2000 Daewoo Leganza not bearing license plates into the vehicle primary lanes at the Calexico, California, West Port of Entry. Defendant was accompanied by a seventeen year old minor. The United States Customs and Border Protection Officer Gonzales was working the primary inspection lane when Defendant approached in the vehicle. Officer Gonzales received a negative customs declaration from both occupants of the vehicle. Officer Gonzales notices that Defendant was nervous, avoided eye contact, and allowed the minor to answer most of the questions during the primary inspection. As such, Officer Gonzales referred Defendant and his vehicle to the secondary inspection area.

In the secondary inspection area, Officer Randolph screened the car with his narcotics detector dog and the dog alerted to the floor area inside the vehicle. Officer Aguilar conducted a more thorough examination of the car and discovered several packages wrapped in duct tape concealed in a non-factory compartment in the floor of the car and in the rear seat. Officer Aguilar performed a field test on one of the packages and it tested positive for marijuana. A total of twenty-six packages were removed from the car with a total weight of 60.94 kilograms (134.07 pounds). Defendant was arrested.

**2. Post-Miranda Statements**

At approximately 12:25 a.m., on February 28, 2008, United States Immigration and Customs Enforcement (ICE) agents advised Defendant was of his Miranda rights. Defendant acknowledged that he understood his Miranda rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel. Defendant admitted he knew he was smuggling drugs into the United States. Defendant stated that the minor, who was the passenger in the car, recruited him to be involved in the offense. The minor knew the registered owner of the car and setup the smuggling deal with "Ramon." Defendant stated that the minor was to be paid for smuggling the drugs into the United States and the minor would then pay Defendant whatever she wanted to give him. Defendant was told that the car contained drugs; however, he was not told the type of drugs nor the location of where the drugs were concealed in the car. The minor is being prosecuted in state court.

**III**

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

**A. THE CHARGING STATUTES ARE CONSTITUTIONAL**

Defendant contends that 21 U.S.C. §§ 841, 952, and 960 are unconstitutional following the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court has already squarely and repeatedly rejected the claim that Apprendi rendered the federal drug laws, including 21 U.S.C. §§ 841, 952 and 960, facially unconstitutional. See, e.g., United States v. Jimenez, 300 F.3d 1166 (9th Cir. 2002); United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002); United States v. Carranza, 289 F.3d 634, 643 (9th Cir. 2002); United States v. Buckland, 289 F.3d 558, 562 (9th Cir. 2002) (en banc); United States v. Mendoza-Paz, 286 F.3d 1104, 1109-10 (9th Cir. 2002); United States v. Varela-Rivera, 279 F.3d 1174, 1175 n.1 (9th Cir. 2002). Sections 841, 952 and 960 do not expressly commit the determination of drug type and quantity to the judge. See Buckland, 289 F.3d at 565; Mendoza-Paz, 286 F.3d at 1110. See also Varela-Rivera, 279 F.3d at 1175 n.1 (recognizing that Buckland foreclosed the argument that 21 U.S.C. §§ 841, 952 and 960 are unconstitutional). Although Defendant urges this Court to reject Buckland, the Ninth Circuit's en banc decision remains binding until overruled by another en banc decision by the Ninth Circuit. Defendant's motion to dismiss should be denied.

**B. THERE IS NO *MENS REA* REQUIREMENT AS TO TYPE AND QUANTITY**

The Ninth Circuit also has foreclosed Defendant's contention that the grand jury should have found that he knew the weight and type of drug he smuggled into the United States. Defendant's position is unsupported by the law. In United States v. Carranza, 289 F.3d 634, 643-44 (9th Cir. 2002), this Court reaffirmed longstanding precedent that the government need not prove that defendants knew the type or quantity of controlled substance they were smuggling in order to sustain a conviction under the federal drug statutes. See also United States v. Salazar, 5 F.3d 445, 446 (9th Cir. 1993); United States v. Ramirez-Ramirez, 875 F.2d 772, 774 (9th Cir. 1989). The government must prove only that defendants knew they were smuggling some type of controlled substance. Carranza, 289 F.3d at 644.

The Ninth Circuit revisited its holding in Carranza in United States v. Hernandez, 322 F.3d 592, 602 (9th Cir. 2003). In Hernandez, the Ninth Circuit rejected the *mens rea* argument made by the appellant, concluding:

> [Appellant] argues that the reasoning behind our decisions in Buckland and Mendoza-Paz require the government to prove that [Appellant] had the requisite mens rea with respect to both the type and quantity of drug he possessed and imported. This challenge is foreclosed by United States v. Carranza, 289 F.3d 634, 644 (9th Cir.2002) ("A defendant charged with importing or possessing a drug is not required to know the type and amount of the drug.").

Id. This Court should reject Defendant's attempt to read into the drug statutes a new mens rea element. Defendant's motion to dismiss should be denied.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant's Motions to Dismiss the Indictment because the charging statutes are constitutional and there is no *mens rea* requirement as to the type and quantity of drugs.

DATED: May 31, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JAMES CRYSTAL GARCIA, Defendant. | Criminal Case No. 08CR0877-JM **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **United States' Response in Opposition to Defendant's Motions to (1) Dismiss the Indictment Due to Unconstitutional Statutes, and (2) Dismiss the Indictment for Failure to Allege *Mens Rea*** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kris J. Kraus, Esq.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5008
*Lead Attorneys for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2008

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney