**KRIS J. KRAUS**
California State Bar No. 233699
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Kris_Kraus@fd.org

Attorneys for Mr. James Crystal Garcia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES CRYSTAL GARCIA,<br>Defendant. | Case No. 08CR0877-JM<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**[1]

Mr. Garcia incorporates by reference the facts recounted in his previously filed motions.

**II.**
**THIS COURT SHOULD SUPPRESS ANY STATEMENTS MADE BY MR. GARCIA**

**A. The Government Must Demonstrate Compliance With *Miranda*.**

**1. *Miranda* Warnings Must Precede Custodial Interrogation.**

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to

[1] Unless otherwise stated, the "facts" referenced in these papers come from government-produced documents that the defense continues to investigate. Mr. Garcia does not admit the accuracy of this information and reserves the right to challenge it at any time.

secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966).[2] Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980). Those warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). "In order for the warning to be valid, the combination or the wording of its warnings cannot be affirmatively misleading." United States v. San Juan Cruz, 314 F.3d 384, 387 (9th Cir. 2003) (citing United States v. Connell, 869 F.2d 1349, 1352 (9th Cir. 1989)). "The warning must be clear and not susceptible to equivocation." Id. See also Id. at 389-90 (vacating illegal entry conviction where defendant was advised of his administrative rights from an I-826 form and later advised of his Miranda rights). If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 484 (1981).

**2. The Government Must Demonstrate That Any Alleged Waiver of Mr. Garcia's Rights Was Voluntary, Knowing, and Intelligent.**

When interrogation occurs without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and his right to retained or appointed counsel. Miranda, 384 U.S. at 475. It is undisputed that, to be effective, a waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The standard of proof for a waiver of these constitutional rights is high. Miranda, 384 U.S. at 475. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. Edwards, 451 U.S. at 472; Johnson v.

2. In Dickerson v. United States, 530 U.S. 428 (2000), the Supreme Court held that Miranda rights are no longer merely prophylactic, but are of constitutional dimension. Id. at 2336 ("we conclude that Miranda announced a constitutional rule").

Zerbst, 304 U.S. 458, 464 (1983). See also Heldt, 745 F.2d at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (9th Cir. 1981). In Derrick v. Peterson, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary, and (2) knowing and intelligent. Id. at 820. The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry under the [Fifth] Amendment . . . ." Id.

The second prong, however, requiring that the waiver be "knowing and intelligent," mandates an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-21 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). This inquiry requires that the court determine whether "the requisite level of comprehension" existed before the purported waiver may be upheld. Id. Thus, "[o]nly if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Id. (quoting Colorado v. Spring, 479 U.S. at 573) (emphasis in original) (citations omitted)). To satisfy this burden, the prosecution must introduce evidence sufficient to establish "that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)).

Under prevailing Ninth Circuit law, the Government bears the burden of demonstrating a Miranda waiver by clear and convincing evidence. See Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000) (en banc) (constitutional rights may ordinarily be waived only if it can be established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent) (citations omitted). Moreover, this Court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." Id. (citations omitted). Unless and until the prosecution meets its burden of demonstrating through evidence that adequate Miranda warnings were given and that the defendant knowingly and intelligently waived his rights, no evidence obtained as result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479.

Until the government meets its evidentiary burden of showing that the Miranda warnings were sufficient or that the Miranda rights were knowingly or intelligently waived, the statements must be

//

suppressed. At the very least, the Government cannot meet its burden of showing by clear and convincing evidence that Mr. Garcia knowingly and intelligently waived his constitutional rights.

**B. Any Statements by Mr. Garcia Were Involuntary.**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if the conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). See also 18 U.S.C. § 3501. The government bears the burden of proving by a preponderance of the evidence that a confession is voluntary. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Some factors taken into account have included the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. Id.

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1962). "The test is whether the confession was `extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto, 429 U.S. at 30 (quoting Bram, 168 U.S. at 542-43). Accord United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

Until the government meets its burden of showing all statements of the defendant that it intends to use at trial were voluntary, all statements -- even those taken before he was in “custody” -- must be suppressed as involuntary.

**C. Mr. Garcia Requests That This Court Conduct An Evidentiary Hearing.**[3]

This Court must make a factual determination as to whether a confession was knowingly and voluntarily given prior to its admission into evidence. 18 U.S.C. § 3501(a). Where a factual determination is required, courts are obligated by Fed. R. Crim. P. 12 to make factual findings. See United States v. Prieto-

3. Defense Counsel will be submitting a declaration on Mr. Garcia's behalf before the hearing.

Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.[4]

Under section 3501(b), this Court must consider various enumerated factors in making the voluntariness determination, including whether the defendant understood the nature of the charges against him and whether he understood his rights. Without the presentation of evidence, this Court cannot adequately consider these statutorily mandated factors. Mr. Garcia accordingly requests that this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any statements made by him were voluntary.

Here, it is clear from watching the videotape of the interrogation, that Mr. Garcia did not understand his rights or voluntarily waive them. He repeatedly tells the agents that he does not understand. At the very beginning of the "advisal" Mr. Garcia asks the agents "What are my rights" to which the agents respond that whatever Mr. Garcia says can be used against him in court, but fails to mention that those statements could be used against Mr. Garcia out of court as well. Regardless, Mr. Garcia does not understand, pauses to think, and when pressed by the agents motions to them to back-off and give him a minute to think. Throughout this time he is visibly struggling with the decision. A few moments later, Mr. Garcia asks the agents what is gonna happen to him. The agent responds that he cannot talk to him unless he signs the waiver and that by signing the waiver Mr. Garcia is only stating that he read the page and agreed to answer questions. The agent does not try to further explain the rights or make sure that Mr. Garcia understood them and knowingly and voluntarily waived them. After pressing Mr. Garcia to sign the waiver finally tells him if he does not agree to speak to the agents he will be taken to jail at which time Mr. Garcia signs the waiver. Despite signing the waiver and agreeing to speak to the agents, Mr. Garcia continues to struggle with the agent's questions and appears visibly upset at times. Therefore, he is requesting a hearing on this issue.

---

4. An evidentiary hearing is the only way to assure that there is a complete and impartial determination of whether the defendant knowingly and voluntarily waived his rights. Surely, this Court would not rely on the unsworn assertions of the *opposing* party in determining whether the waiver of the Sixth Amendment right to counsel was knowing and voluntary. The waiver of important rights guaranteed by the Fifth Amendment should be no different.

## III.

## CONCLUSION

For the reasons stated, Mr. Garcia requests that this Court grant his motions.

Respectfully submitted,

Dated: AUGUST 15, 2008

/s/Kris J. Kraus
**KRIS J. KRAUS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia
Kris_Kraus@fd.org