KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CRYSTAL GARCIA,<br><br>Defendant. | Criminal Case No. 08CR0877-JM<br><br>Date: August 29, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 16<br><br>The Honorable Jeffrey T. Miller<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO**<br><br>**(A) SUPPRESS STATEMENTS**<br><br>**TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motion. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

/ /

## I

## STATEMENT OF THE CASE

On March 25, 2008, a federal grand jury in the Southern District of California returned a two-count indictment against Defendant JAMES CRYSTAL GARCIA ("Defendant"). The Indictment charges Defendant with one count of importing approximately 60.94 kilograms (134.07 pounds) of marijuana into the United States, in violation of 21 U.S.C. §§ 952 & 960, and one count of possessing approximately 60.94 kilograms (134.07 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On March 25, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On August 15, 2008, Defendant filed a motion to suppress his post-arrest statements. The United States files the following response in opposition to Defendant's motion.

## II

## STATEMENT OF FACTS

### A. OFFENSE CONDUCT

#### 1. Events Leading to Seizure of Marijuana

On February 27, 2008, at approximately 6:16 p.m., Defendant drove a white, 2000 Daewoo Leganza not bearing license plates into the vehicle primary lanes at the Calexico, California, West Port of Entry. Defendant was accompanied by a seventeen year old minor. The United States Customs and Border Protection Officer Gonzales was working the primary inspection lane when Defendant approached in the vehicle. Officer Gonzales received a negative customs declaration from both occupants of the vehicle. Officer Gonzales notices that Defendant was nervous, avoided eye contact, and allowed the minor to answer most of the questions during the primary inspection. As such, Officer Gonzales referred Defendant and his vehicle to the secondary inspection area.

In the secondary inspection area, Officer Randolph screened the car with his narcotics detector dog and the dog alerted to the floor area inside the vehicle. Officer Aguilar conducted a more thorough examination of the car and discovered several packages wrapped in duct tape concealed in a non-factory compartment in the floor of the car and in the rear seat. Officer Aguilar performed a field test on one of the packages and it tested positive for marijuana. A total of twenty-six packages were removed from the car with a total weight of 60.94 kilograms (134.07 pounds). Defendant was arrested.

**2. Post-Miranda Statements**

At approximately 12:25 a.m., on February 28, 2008, United States Immigration and Customs Enforcement (ICE) agents advised Defendant was of his Miranda rights. Defendant acknowledged that he understood his Miranda rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel. Defendant admitted he knew he was smuggling drugs into the United States. Defendant stated that the minor, who was the passenger in the car, recruited him to be involved in the offense. The minor knew the registered owner of the car and setup the smuggling deal with "Ramon." Defendant stated that the minor was to be paid for smuggling the drugs into the United States and the minor would then pay Defendant whatever she wanted to give him. Defendant was told that the car contained drugs; however, he was not told the type of drugs nor the location of where the drugs were concealed in the car. The minor has been prosecuted in state court.

**III**

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

**A. THE MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED**

Defendant contends that the Court should suppress any statement made at the time of his arrest on the grounds that Defendant's Miranda waiver was not knowing, intelligent, and voluntary, and that the statements made by Defendant were not voluntary. As discussed below, these arguments lack merit.

**1. Defendant Made A Knowing, Intelligent, and Voluntary Miranda Waiver**

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966), and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of Miranda rights, and was not elicited by improper coercion. See Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should not be found in the "absence of police overreaching").

A valid Miranda waiver depends on the totality of the circumstances, including the background, experience, and conduct of the defendant. North Carolina v. Butler, 441 U.S. 369, 374-75 (1979). To be knowing and intelligent, "the waiver must have been made with a full awareness of both the nature

of the right being abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421 (1986). The Government bears the burden of establishing the existence of a valid Miranda waiver. Butler, 441 U.S. at 373. In assessing the validity of a defendant's Miranda waiver, this Courts should analyze the totality of the circumstances surrounding the interrogations. See Moran, 475 U.S. at 421. Factors commonly considered include: (1) the defendant's age (see Doe III, 155 F.3d at 1074-75 (valid waiver because the 17 year old defendant did not have trouble understanding questions, gave coherent answers, and did not ask officers to notify parents)); (2) the defendant's familiarity with the criminal justice system (see United States v. Williams, 291 F.3d 1180, 1190 (9th Cir. 2002) (waiver valid in part because defendant was familiar with the criminal justice system from past encounters)); (3) the explicitness of the Miranda waiver (see United States v. Bernard S., 795 F.2d 749, 753 n.4 (9th Cir. 1986) (a written Miranda waiver is "strong evidence that the waiver is valid"), United States v. Amano, 229 F.3d 801, 805 (9th Cir. 2000) (waiver valid where Miranda rights were read to defendant twice and defendant signed a written waiver)); and (4) the time lapse between the reading of the Miranda warnings and the interrogation or confession (see Guam v. Dela Pena, 72 F.3d 767, 769-70 (9th Cir. 1995) (valid waiver despite 15-hour delay between Miranda warnings and interview)). Furthermore, if there are multiple interrogations, as occurred in this case, repeat Miranda warnings are generally not required unless an "appreciable time" elapses between interrogations. See United States v. Nordling, 804 F.2d 1466, 1471 (9th Cir. 1986).

Here, ICE agents scrupulously honored the letter and spirit of Miranda in carefully advising Defendant, in the English Language, of his Miranda rights prior to any post-arrest custodial interrogation. Defendant was advised of his Miranda rights, both orally and in writing, before the interrogation. Defendant orally agreed to waive his Miranda rights and he signed a Miranda waiver form. Defendant also initialed next to each Miranda right on the advice of rights form. Based on the totality of the circumstances, Defendant's statements should not be suppressed because his Miranda waiver was knowing, intelligent, and voluntary.

**2. Defendant's Post-Arrest Statements Were Voluntary**

The inquiry into the voluntariness of statements is the same as the inquiry into the voluntariness of a waiver of Miranda rights. See Derrick v. Peterson, 924 F.2d 813, 820 (9th Cir.1990). Courts look

to the totality of the circumstances to determine whether the statements were "the product of free and deliberate choice rather than coercion or improper inducement." Doe III, 155 F.3d at 1074.

A confession is involuntary if "coerced either by physical intimidation or psychological pressure." United States v. Crawford, 372 F.3d 1048, 1060 (9th Cir. 2004) (quoting United States v. Haswood, 350 F.3d 1024, 1027 (9th Cir. 2003)). In determining whether a defendant's confession was voluntary, "the question is 'whether the defendant's will was overborne at the time he confessed.'" Clark v. Murphy, 331 F.3d 1062, 1072 (9th Cir.), cert. denied, 124 S. Ct. 446 (2003) (quoting Haynes v. Washington, 373 U.S. 503, 513 (1963)). Psychological coercion invokes no per se rule. United States v. Miller, 984 F.2d 1028, 1030 (9th Cir. 1993). Therefore, the Court must "consider the totality of the circumstances involved and their effect upon the will of the defendant." Id. at 1031 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 226-27 (1973)); see also United States v. Pinion, 800 F.2d 976, 980 (9th Cir. 1986) (the test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper conduct). The Constitution does not bar the use by interrogating officers of any statement that could be construed as a threat or promise, however slight, but only those which constitute outrageous behavior under the circumstances and which in fact induce a confession. See United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988).

In determining the issue of voluntariness, this Court should consider the five factors under 18 U.S.C. § 3501(b). United States v. Andaverde, 64 F.3d 1305, 1311 (9th Cir. 1995). These five factors include: (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he or she was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he or she was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his or her right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. 18 U.S.C. § 3501(b). All five statutory factors under 18 U.S.C. § 3501(b) need not be met to find the statements were voluntarily made. See Andaverde, 64 F.3d at 1313.

/ /

As discussed above, Defendant was read his Miranda rights and was provided with a written advice of rights and Miranda waiver form prior to his post-arrest interview. Defendant explicitly stated that he understood his Miranda rights and agreed to waive those rights. See United States v. Gamez, 301 F.3d 1138, 1144 (9th Cir. 2002). Defendant's statements were not the product of physical intimidation or psychological pressure of any kind by any government agent. Defendant merely contends that his statements were involuntary because agents told him they could not speak with him unless he signed the waiver, the agents did not further explain Defendant's rights, and pressed Defendant to sign the form. However, the videotaped interview contradicts these assertions. The videotape shows that Defendant was properly advised of his rights, that the agents took their time explaining the rights to Defendant, and that the agents were patient with Defendant noticing that Defendant was visibly upset as a result of his involvement in the drug smuggling venture. There must be a causal connection between the improper police conduct and the confession, see United States v. Kelley, 953 F.2d 562, 565 (9thh Cir. 1992), but it is not sufficient to show that the interrogation caused the confession, see Guerrero, 847 F.2d at 1365-66. There is no such causal connection. There is no evidence that Defendant's will was overborne at the time he made his post-arrest statements. Consequently, Defendant's motion to suppress his statements as involuntarily given should be denied.

**3. The Motion Should Be Denied Without An Evidentiary Hearing**

The Court can and should deny Defendant's Motion without a suppression hearing. Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) ("[T]he defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer. In these circumstances, the district court was not required to hold an evidentiary hearing."); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (stating that boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1g(1) (stating that "[c]riminal motions requiring predicate factual finding shall be supported by declaration(s). . . . The Court need not grant an evidentiary hearing where either party fails to properly

support its motion for opposition.”). Here, Defendant has failed to support his allegations with a declaration, in clear violation of Criminal Local Rule 47.1(g).

However, should the Court determine that an evidentiary hearing is necessary, the United States requests that the Court order Defendant to comply with the Local Rules and properly file a declaration articulating the specific factual dispute at least two weeks prior to the date set for the hearing. An evidentiary hearing is not required if a defendant's motion to suppress and supporting declarations or affidavits fail to allege a specific factual dispute. See United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (an evidentiary hearing is required "if the moving papers are definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of [material] fact . . . are at issue"). Where a defendant fails to provide a specific factual dispute of any material fact, the Court is not required to hold an evidentiary hearing. See United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist"); United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (District Court is not required to hold an evidentiary hearing where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (finding that the motion to suppress was "akin to boilerplate motions that lay no factual foundation" and that the unsworn representations of counsel were "too indefinite and conjectural to require the government to respond"); United States v. Feola, 651 F. Supp. 1068, 1119 (S.D. N.Y. 1987), aff'd without decision, 875 F.2d 857 (2d Cir. 1989) (denying motion for Miranda hearing to determine admissibility of confession where there was “no real allegation of [] police coercion”).

Defendant's motion failed to specifically identify the statements that he seeks to suppress or allege any specific factual or legal dispute regarding the inadmissibility of the statements. Defendant does not allege that the government agents failed to advise him of his Miranda rights, that the Miranda rights provided were somehow defective. Defendant merely asserts that his statements were the product or coercion by Government agents because agents told him to tell the truth, told him they did thought he was lying and mentioned his children. As discussed above, Defendant has failed to demonstrate the

causal connection between the alleged improper conduct by the agents and the statements made by Defendant. The reason Defendant has not established a causal connection is because there was no improper conduct by the agents. In essence, Defendant's motion to suppress lacks sufficient definiteness, clarity, and specificity to enable the United States to prepare for any motion to suppress statements or the Court to make a reasoned finding of any impropriety. In the event that the Court orders an evidentiary hearing, the United States requests that such a hearing be held at least two weeks prior to trial, at which time the Court can view the videotaped recording and make an independent assessment with respect to the statements made by Defendant.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant's Motion to Suppress Statements because the statements were knowingly, intelligently and freely made after a proper advisal of Defendant's Miranda rights.

DATED: August 22, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney